**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

**PAULA BARRA,**                                                                 NO. _____

           **Plaintiff.**

   -   **against**  -                                **COMPLAINT**


**EDWARD JONES SBL, LLC and MARIE GREEN,**


           **Defendants.**
-----------------------------------------------------------------------X

Plaintiff Paula Barra ("Plaintiff" or "Ms. Barra"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants EDWARD JONES SBL, LLC ("Corporate Defendant," "Defendant Edward Jones" or the "Company") and MARIE GREEN ("Defendant Green" or "Individual Defendant") (collectively Defendants) as follows:

## NATURE OF THE ACTION

1.       This action arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA") and the New York State Human Rights Law ("NYSHRL" or "State Law"), codified in the New York State Executive Law Article 15 §§ 290 *et. seq.* Based on the following acts and/or omissions, Defendants knowingly violated Plaintiff's rights under the FMLA and State Law and such actions were committed intentionally and/or willfully with knowledge that Plaintiff would be economically injured:

    a)       Defendants' retaliation based on Plaintiff's exercise of rights under the FMLA to care for her daughter who suffers from a serious health condition.

    b)       Defendants' discrimination against Plaintiff based on her familial status.

2.       Damages and other legal relief are sought pursuant to the FMLA and State Law.

1

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Plaintiff's City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this District because Defendant conducts business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

**PARTIES**

*Plaintiff*

5.      Plaintiff is a New York resident.

6.      Plaintiff was at all times an "employee" within the meaning of the FMLA and State Law, protected from retaliation and discrimination.

7.      Plaintiff's daughter suffered from a serious health condition within the meaning of the FMLA. Plaintiff's daughter was incapacitated for more than three consecutive, full calendar days and received follow-up treatment. Plaintiff's daughter was treated by a health care provider within seven days of the first day of incapacity and was prescribed a course of treatment by a health care provider, including medication. Plaintiff's daughter also participated in another visit with a health care provider within 30 days of her first day of incapacity.

8.      Plaintiff is a parent with a daughter under the age of 18 for whom she provides direct and ongoing care.  Her daughter lives with her and suffers from a disability and relies on her for medical care and to meet her needs of daily living.

2

*Defendants*

9.     Defendant Edward Jones maintains a place of business at 3565 Crompond Rd Ste 6, Cortlandt, NY 10567.

10.     At all relevant times, Corporate Defendant has been engaged in commerce or in an industry or activity affecting commerce, and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Corporate Defendant is therefore an employer under the FMLA and State Law.

11.     At all relevant times hereto, Defendant Green was a person acting both directly and indirectly in the interest of a covered employer, and is therefore also an employer under the FMLA.

12.     At all relevant times hereto, Defendant Green was a supervisor (including Plaintiff's supervisor) and has maintained the authority to make personnel decisions such as hiring, firing, assigning work duties, assessing performance, and disciplining employees, and as such, is an "employer" within the definition under State Law.

## FACTUAL ALLEGATIONS

*Background regarding Plaintiff's Employment*

13.     Plaintiff worked for the Company as a senior branch office administrator in Cortlandt Manor, NY starting in June 2013.

14.     In November 2022, Plaintiff became eligible to become a limited partner based on the success of her branch.

15.     During her employment with the Company, Plaintiff never received any feedback indicating that there were any issues with her work or that she needed to change her practices or improve.

16.     Plaintiff's last performance review in September 2022 indicated that she met and exceeded expectations.

3

17.    At all times during her employment with Defendants, Plaintiff was qualified for her position.

### Plaintiff's Daughter's Illness

18.    In December 2022, Ms. Barra requested to take her remaining nine sick days consecutively to care for her daughter, who was experiencing severe mental health issues.

19.    The Company informed her that to take the days off consecutively, she would need to apply for FMLA leave.

20.    Ms. Barra did so on December 2nd.

21.    Plaintiff's first day out on leave was December 6th, and she returned January 3rd.

22.    Plaintiff's time off included 8 vacation days and 9 sick days as well as FMLA leave.

23.    While out on leave, Ms. Barra informed the Company's human resources department that it was possible she would need to take additional FMLA leave in the future, depending on her daughter's needs.

24.    Ms. Barra also communicated with her manager, Defendant Green, about her daughter's need for care.

### Plaintiff's Unlawful Termination

25.    The day Plaintiff returned from leave, she was brought into a meeting with her manager, Defendant Marie Green, and immediately terminated.

26.    Shocked and surprised, Plaintiff asked why she was being terminated.

27.    Defendant Green provided a list of reasons, none of which Ms. Barra had ever been disciplined for before.

28.    These reasons included "chronic" lateness. Though Plaintiff occasionally arrived to the branch after her scheduled start time, she was conscientious about making arrangements for her lateness with coworkers, often worked late hours, and Ms. Barra's manager had never

mentioned or indicated that this conduct was in any way an issue.

29. Defendant Green also mentioned absences and "misuse" of COVID days; however, Plaintiff never took more absences than she was entitled to, and used the COVID days she took for legitimate reasons related to COVID vaccinations, tests, and care.

30. Defendant Green also brought up some discrepancies in records of client notes, wherein client-related activities were sometimes erroneously recorded as a call. Plaintiff was aware that the Company's computer system occasionally had this problem, and had endeavored to correct it when she noticed it in her records.

31. Plaintiff's manager had never asked Ms. Barra any questions about these absences or issues before the day of her termination, and had given no indication that Ms. Barra was behaving contrary to company policy or practice in any way.

32. Defendant Green also stated that there were "irregularities" in her timesheets, meaning that her timesheet and the time she logged in to her work computer were sometimes disparate. Defendant Green pointed out examples of disparities from as long as 8 months prior to the meeting.

33. Plaintiff was unaware that these disparities were a problem, and had never been given any feedback on this issue before in the nine and a half years she had worked for the Company.

34. Plaintiff had managed her timesheets in the same way throughout her entire employment, and this issue had never been brought to her attention prior to her termination.

35. Upon conferring with other branch office administrators, Plaintiff confirmed that other employees in her position were also unaware that their timesheets and times that they were logged in had to be an exact match.

36. Plaintiff's timesheets were always accurate, and reflected work that she did at home

before or after she left for the office, or in the office prior to logging in to her computer.

37.    Plaintiff was never told that the times she was logged into her computer and her timesheet had to be an exact match, and the need for them to match was not included in any training Plaintiff received.

38.    Plaintiff was given no warning before she was summarily terminated for practices which she believed to be commonplace, and for which she had never received any notice or discipline.

39.    The reasons the Company has provided for Ms. Barra's termination are pretextual, and the proximity of the termination to her FMLA leave, as well as the Company's knowledge that she may need to go on leave again, indicates that the termination was discriminatory and retaliatory.

## FIRST CAUSE OF ACTION

### (FMLA Retaliation)

40.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41.    Plaintiff took FMLA leave to care for her daughter, who was experiencing mental health issues.

42.    Defendants willfully violated the FMLA by retaliating against Plaintiff in the terms and conditions of her employment because she took FMLA leave and asked to take additional FMLA leave.

43.    As a proximate result of Defendants' unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

44.    As a proximate result of the Defendant's unlawful acts, Plaintiff has suffered and

continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION

### (Familial Status Discrimination
### in Violation of State Law)

45.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.     Defendants willfully violated State Law when they discriminated against Plaintiff based on her familial status.

47.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

48.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

a.  back pay, prejudgment interest, front pay, liquidated damages and damages for all employment wage and benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

b.  compensatory damages for emotional distress;

c.  reasonable attorneys' fees and costs incurred in this action; and

d.  any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated:      New York, New York
            July 7, 2023

                                        Respectfully submitted,

                                        **FISHER TAUBENFELD LLP**


                                        _____

                                        Liane Fisher, Esq.
                                        *Attorneys for Plaintiff*
                                        225 Broadway, Suite 1700
                                        New York, New York 10007
                                        Phone: (212) 571-0700
                                        Fax: (212) 505-2001