UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/15/2025
```

PAULA BARRA,

                   Plaintiff,

-against-

EDWARD D. JONES & CO., L.P. d/b/a
EDWARD JONES and MARIE GREEN,

                   Defendants.

23-cv-5844 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Paula Barra ("Plaintiff") initiated this action on July 7, 2023, asserting claims of interference with the exercise of protected rights and retaliation under the Family and Medical Leave Act ("FMLA") pursuant to 28 U.S.C. § 1331, as well as associational disability discrimination under New York State Human Rights Law ("NYSHRL") against Edward D. Jones & Co., L.P ("Jones") and Marie Green ("Green") (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is DENIED.

## BACKGROUND

The following facts are derived from the Second Amended Complaint ("SAC") and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff worked as a senior branch office administrator in Cortlandt Manor, NY starting in June 2013. (SAC ¶ 14.) During Plaintiff's last performance review in September 2022, she was given marks of met and exceeded expectations. (*Id*. ¶ 18.) Plaintiff was therefore always qualified for her employment during her time as senior branch office administrator. (*Id*. ¶ 20.) In late 2022,

1

Plaintiff's daughter became psychiatrically unwell, demonstrating life-threatening and severe symptoms of depression. (*Id*. ¶ 21.) When Plaintiff would leave for work each day, Plaintiff's daughter experienced severe emotional distress and would cry and beg for Plaintiff to not leave her alone. (*Id*. ¶ 22.) Plaintiff advised Green of her daughter's psychiatric disability. (*Id*. ¶ 23.)

On November 22, 2022, Plaintiff received a call from her daughter wherein it became apparent that Plaintiff's daughter was suicidal. (*Id*. ¶ 24.) Plaintiff left work immediately, advising Green of her daughter's medical emergency. (*Id*. ¶ 25.) Plaintiff spent the rest of the day finding an emergency appointment for her daughter to see a therapist and to see a medical provider for anti-depressants. (*Id*. ¶ 27.) Plaintiff advised Defendants on November 23, 2022, that she would need an additional day to stay home to care for her daughter. (*Id*. ¶ 28.) That same day, Plaintiff's daughter saw a therapist, who advised Plaintiff that her daughter needed to be taken to the emergency room immediately due to suicidal ideation. (*Id*. ¶ 29.) Plaintiff hurriedly took her daughter to the emergency room, where a psychiatrist recommended her daughter be admitted to a residential health program so that Plaintiff's daughter could be supervised. (*Id*. ¶ 30.) Thereafter, Plaintiff's daughter was admitted to a psychiatric ward for constant monitoring. (*Id*. ¶ 31.) Plaintiff's daughter was discharged from the program on November 30, 2022. (*Id*. ¶ 47.)

Plaintiff's daughter's suicidal ideation again surfaced on December 2, 2022. (*Id*. ¶ 48.) Plaintiff immediately called her employment's Human Resources department about possible leave, which advised her that she would need to take FMLA leave. (*Id*. ¶ 49.) Plaintiff then advised her co-worker, Karen, and Green that starting December 7, 2022 Plaintiff would be out on FMLA leave for an estimated four weeks. (*Id*. ¶ 50.) Plaintiff requested FMLA verification from her daughter's new therapist, who declined to complete the paperwork as they had not yet fully evaluated Plaintiff's daughter. (*Id*. ¶ 56.) Likewise, the hospital where Plaintiff's daughter had been

previously admitted declined to provide the FMLA paperwork needed for verification. (*Id*. ¶ 57.) On December 21, 2022, Plaintiff advised the Human Resources department of her efforts to secure the FMLA certification paperwork and that she would furnish the documentation as soon as possible. (*Id*. ¶ 59.)

While on FMLA leave, Plaintiff advised Defendants that she may need further FMLA leave in the future, depending on the needs of her daughter, which the Defendants were intimately familiar with. (*Id*. ¶ 71.) When Plaintiff returned to work at the end of her FMLA leave on January 3, 2023, she found that she could not sign into her computer and was then advised by Green that she had been terminated. (*Id*. ¶ 75.) Plaintiff's daughter's therapist ultimately provided the FMLA certification documentation to Defendants on January 13, 2023. (*Id*. ¶ 61.)

Based on foregoing, Plaintiff brings claims alleging violations of the FMLA, as well as violations of NYSHRL.

## PROCEDURAL HISTORY

On July 7, 2023, Plaintiff commenced this action against Defendants in her complaint. (ECF No. 1.) Plaintiff subsequently filed an Amended Complaint and Second Amended Complaint, the latter being the operative complaint (the "Second Amended Complaint"). (ECF Nos. 18 and 29.) September 27, 2024, Defendants filed a motion to dismiss and their memorandum of law in support (the "Motion" or "Mot.", ECF Nos. 40 and 41.) Plaintiff filed a memorandum of law in opposition to Defendants' motion (the "Opposition" or "Opp.", ECF No. 43.) Defendants filed a memorandum of law in further support of their motion to dismiss (the "Reply," ECF No. 42.)

**LEGAL STANDARD**

A. **Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Plaintiff brings claims pursuant to the FMLA, alleging interference with the exercise of protected rights, as well as retaliation, and also brings claims pursuant to NYSHRL. The Court will address each claim in turn.

A. **FMLA Retaliation Claim**

Defendants' sole argument against Plaintiff's FMLA retaliation claim is that she did not sufficiently allege that she took FMLA-protected leave because she failed to timely provide certification and thus the Court limits its analysis to this singular argument. The Court disagrees and finds that Plaintiff successfully pled that she took FMLA leave.

It is true that Plaintiffs are required by law to provide certification "within the time frame requested by the employer . . . unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." *Konipol v. Rest. Assocs.*, No. 01 CIV. 7857 (GEL), 2002 WL 31618825 (S.D.N.Y. Nov. 20, 2002). If certification is never produced, the leave does not qualify as FMLA leave. 29 C.F.R. § 825.311(b). Here, Plaintiff earnestly and diligently tried to furnish the necessary FMLA paperwork, seeking FMLA verification from her daughter's therapist who declined to provide verification because the therapist had not yet conducted a full evaluation of Plaintiff's daughter (SAC ¶ 56), and then seeking FMLA verification from the psychiatric hospital the Plaintiff's daughter was hospitalized in, which also declined to provide the verification given that Plaintiff's daughter had already been discharged (SAC ¶ 57.) After conducting an evaluation of Plaintiff's daughter, the daughter's therapist completed and sent the necessary FMLA verification paperwork to the Defendants on January 13, 2023. (SAC ¶ 60.)

Plaintiff did everything in her power to obtain the FMLA verification paperwork as soon as feasible; while it took her some additional time, it was the decision of providers, not Plaintiff's

conduct, that caused the delay in the submission of FMLA verification documents. This plainly qualifies as an "extenuating circumstance" anticipated under the FMLA that does not preclude an individual from the statute's coverage. *Ojeda v. Neopost USA, Inc.*, No. 3:13-CV-00877-WWE, 2015 WL 13790697, at *4 (D. Conn. Aug. 26, 2015); *Smith v. Westchester Cnty*., 769 F. Supp. 2d 448, 468 (S.D.N.Y. 2011). Notwithstanding this delay, Plaintiff did ultimately successfully submit the FMLA paperwork, thus qualifying her leave as within the scope of the FMLA. *Konipol.*, 2002 WL 31618825. Thus, contrary to Defendants' argument, Plaintiff did satisfy the FMLA's certification requirement, and the Court therefore declines to dismiss Plaintiff's First Cause of Action.

### B. FMLA Interference Claim

Defendants' argument against Plaintiff's FMLA interference claim rests on the argument that Plaintiff failed to aver that Defendants denied her any FMLA benefits, noting that she received four weeks of leave to take care of her daughter until she returned to work on January 3, 2023. (Mot. p. 7.) Defendants go on to reason that Plaintiff did not allege that she was denied leave or that she made any other requests for leave that was rejected and therefore "cannot allege that she was denied benefits to which she was entitled under the FMLA." (*Id*.) This question turns on whether Plaintiff provided sufficient notice to the Defendants of her intention to take FMLA leave once more. (Reply p. 5.)

While the Court does agree with the Defendants that Plaintiff's factual averments indicate a somewhat vague suggestion of future FMLA leave, such notice is sufficient to bring Plaintiff within the ambit of the FMLA's protections for an interference claim. The Court finds the Second Circuit's opinion in *Coutard v. Municipal Credit Union* on point and controlling. Therein, the Second Circuit held that "in the absence of a request for additional information, an employee has

provided sufficient notice to his employer if that notice indicates reasonably that the FMLA may apply." *Coutard v. Mun. Credit Union*, 848 F.3d 102, 111 (2d Cir. 2017). Presently, as alleged in the pleadings, there can be no dispute that Plaintiff gave notice that reasonably indicated that the FMLA may apply when she explicitly told her employer that she "may need further FMLA leave in the future, depending on her daughter's needs." (SAC ¶ 71.) This is especially the case when Plaintiff's notice regarding future FMLA leave was given while Plaintiff was already on FMLA leave. Therefore, because the Court must conclude that Plaintiff satisfied the notice requirement for her anticipated FMLA leave, the Court denies Defendants' motion to dismiss against Plaintiff's Second Cause of Action.

### C. NYSHRL Disability Discrimination Claim

To establish a *prima facie* case of discrimination under the NYSHRL by showing "(1) that he was in a protected group; (2) that he was qualified for his position; (3) that he suffered an adverse employment action; and (4) that 'such action occurred under circumstances giving rise to an inference of employment discrimination.'" *Howard v. United Parcel Serv., Inc.*, 101 F. Supp. 3d 343 (S.D.N.Y. 2015), *aff'd sub nom. Howard v. United Parcel Serv.*, 648 F. App'x 38 (2d Cir. 2016). It is well-established that "[c]ourts must construe the Human Rights Law 'broadly in favor of discrimination plaintiffs, to the extent such a construction is reasonably possible.'" *Syeed v. Bloomberg L.P.,* 41 N.Y.3d 446, 451 (2024) (internal citations omitted).

Defendants' only argument against Plaintiff's NYSHRL claim is that the NYSHRL does not provide a cause of action for associational disability discrimination. (Mot. p. 8.) The Court does not find Defendants' argument persuasive. The Court notes that the NYSHRL's provisions are to be construed to ensure that its anti-discrimination purposes are maximized and actualized. *Syeed*, 41 N.Y.3d 446 at 451.  The ADA and the NYCHL both recognize associational

discrimination as a cognizable cause of action. *Ronen v. RedRoute, Inc.*, No. 21-CV-2732 (RPK) (RML), 2025 WL 296551, at *8 (E.D.N.Y. Jan. 24, 2025); *Imhof v. New York City Hous. Auth.*, No. 23 CIV. 1880 (JPC), 2024 WL 3376084, at *8 (S.D.N.Y. July 11, 2024). The NYSHRL tracks the NYCHRL. *Kurtanidze v. Mizuho Bank, Ltd.*, No. 23 CIV. 8716 (PAE), 2024 WL 1117180, *12 (S.D.N.Y. Mar. 13, 2024). And the NYCHRL meets or exceeds the protections of the ADA as such federal statutes constitute "a floor below which the City's Human Rights law cannot fail." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).

It follows, then, that because the NYSHRL tracks the NYCHRL, and the NYCHRL meets or exceeds the ADA, which recognizes the claim of associational discrimination, so too must the NYSHRL recognize an associational discrimination claim. This Court is not alone in reaching this conclusion; numerous New York state courts and federal courts in this Circuit have found such a cause of action in the NYSHRL. *See Kemp v. Regeneron Pharms., Inc.*, 117 F.4th 63 (2d Cir. 2024); *Venezia v. Luxoticca Retail North America, Inc.*, 2015 WL 5692146, at *4 (S.D.N.Y. Sept. 28, 2015); *Simmons v. Woodycrest Ctr. For Human Development, Inc.*, 2011 WL 855942, at *3 (S.D.N.Y. March 9, 2011); *Cohen v. Integrated Project Delivery Partners Inc,* 2020 WL 419600 (S.D.N.Y. Jan. 27, 2020); *Canales v. ACP Facility Servs., Inc.,* 2019 WL 1171479 (E.D.N.Y. Mar. 13, 2019); *Chiara v. Town of New Castle*, 2 N.Y.S. 3d 132, 140 (App. Div. 2d Dep't 2015). Thus, the Court declines to dismiss Plaintiff's Third Cause of Action arising under the NYSHRL.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss in its entirety. Specifically, the Court DENIES the motion as to Plaintiff's First Cause of Action, Second Cause of Action, and Third Cause of Action.

Defendants are directed to file an Answer to the Second Amended Complaint on or before May 5, 2025. The parties are directed to confer, complete and file a Case Management Plan and Scheduling Order (blank form attached) by May 27, 2025.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 40.

Dated:   April 15, 2025                                                SO ORDERED:
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT  Rev. Jan. 2012
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x



                                                  **CIVIL CASE DISCOVERY PLAN**
                         Plaintiff(s),            **AND SCHEDULING ORDER**

    - against -



                         Defendant(s).        _____ CV _____ (NSR)


-------------------------------------------------------------x


 This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):


1.  All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  (If all parties consent, the remaining paragraphs of this form need not be completed.)


2.  This case [is] [is not] to be tried to a jury.


3.  Joinder of additional parties must be accomplished by _____.


4.  Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.


Dated:   White Plains, New York
         _____

                                                    _____
                                                    Nelson S. Román, U.S. District Judge